**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terence Kibodeaux and Diane Kibodeaux, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank, N.A. d/b/a America's Servicing Company a/k/a ASC; DOES I-X and ABC Corporations I-X,<br><br>    Defendants. | No. CV-10-956-PHX-GMS<br><br>**AMENDED ORDER** |

Pending before the Court is Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint. (Doc. 11). For the reasons set forth below, the Court grants the motion and dismisses Count III without prejudice.

## BACKGROUND

Plaintiffs, Terence and Diane Kibodeaux ("Plaintiffs") owned a home in Chino Valley, Arizona, from April 2006 to October 2008. (Doc. 1, Ex. 3 p. 19--25 ¶ 5). Plaintiffs fell behind on their mortgage payments in July of 2008 and subsequently entered into a forbearance agreement with Wells Fargo Bank d/b/a America's Servicing Company ("Defendant"). (*Id.* at ¶¶ 2, 6). Defendant invalidated the forbearance agreement because Plaintiffs failed to pay the full amount due on the first scheduled payment. (*Id.* at ¶¶ 9--11). On July 31, 2008, Defendant mailed a letter to Plaintiffs advising them of the invalidation and that there were other options. *Id.*

On August 4, 2008, Plaintiffs and Defendant entered into a second forbearance agreement. (*Id.* at ¶ 12). Plaintiffs were to make payments on August 14, 2008, September 13, 2008, October 13, 2008, and a final balloon payment on December 13, 2008. *Id.* After making the August payment in full, Plaintiffs' September payment was $36 less than the amount due. (*Id.* at ¶¶ 13-14). Plaintiffs called Defendant to inquire why their September payment check had not been cashed. (*Id.* at ¶ 15). Plaintiffs were advised by Defendant that the $36 shortage would be taken from Plaintiffs' impound/escrow account and that Defendant would cash and apply Plaintiffs' September check. (*Id.* at ¶ 16). After cashing Plaintiffs' check, Defendant invalidated the second forbearance agreement without giving notice to Plaintiffs of the invalidation, and did not return Plaintiffs' September payment. (*Id.* at ¶ 18).

Unbeknownst to Plaintiffs, Defendant conducted a trustee's sale on October 7, 2008, and U.S. Bank was the highest bidder.[1] (*Id.* at ¶¶ 24-1, 25).[2] U.S. Bank paid the bid price on the day of the trustee's sale.[3] (Doc. 1, Ex. 3 p. 30). On October 8, 2008, Defendant received Plaintiffs' October payment in full. (Doc. 1, Ex. 3 p. 19-25 ¶ 19). On October 15, 2008, Plaintiffs received a handwritten note from Service First Realty stating that the property had been foreclosed and that Plaintiffs were required to vacate the property "ASAP." (*Id.* at ¶ 20). Plaintiffs called Defendant, which confirmed that the note was

---

[1] Plaintiffs allege Defendant was the highest bidder at the trustee's sale. The Trustee's Deed, attached as exhibit 2 of Plaintiffs' amended complaint names "U.S. Bank National Association as Trustee" as the grantee and the highest bidder of the property at the trustee's sale. (Doc. 1, Ex. 3 p. 28--30). *See Lee v. City of L. A.*, 250 F.3d 668, 688 (9th Cir. 2001) (determining that a court may consider material properly submitted as part of the complaint without converting a motion to dismiss into a motion for summary judgment). Whether Defendant or U.S. Bank purchased the property does not change the Court's analysis. The key fact is simply that the property was purchased at the trustee's sale.

[2] Plaintiffs' amended complaint contains three paragraphs numbered "24." This order refers to the first paragraph numbered 24 as "24-1."

[3] The Trustee's Deed, attached as Exhibit 2 to Plaintiffs' amended complaint, states that the highest bidder paid the bid price on the date of the sale. *See* footnote 1.

legitimate and that the property had been foreclosed on October 7, 2008. (*Id.* at ¶ 21). Defendant's records also indicated at the time that Plaintiffs were not in violation of the second forbearance agreement. *Id.* On or about October 16, 2008, Defendant caused a trustee's deed to be recorded in the Official Records of Yavapai County. (*Id.* at ¶ 26-1).[4] On October 18, 2008, Defendant returned Plaintiffs' October payment with a letter stating that the funds did not represent the total amount due to reinstate the account and that there were no written arrangements agreeing to accept the enclosed funds. (*Id.* at ¶ 24-3).[5]

Plaintiffs initiated this cause of action in Maricopa County Superior Court. Plaintiffs allege three claims: (1) Breach of Contract, (2) Breach of Good Faith and Fair Dealing, and (3) Violation of Arizona Revised Statutes ("A.R.S.") § 33-420. Defendant timely removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendant now moves to dismiss only Count III of Plaintiffs' amended complaint for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550

---

[4] Plaintiffs' amended complaint contains two paragraphs numbered "26." This order refers to the first paragraph numbered 26 as "26-1."

[5] *See supra* note 2.

U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 556–57) (internal quotations and citations omitted).

When analyzing a complaint under Rule 12(b)(6), a court's inquiry is generally "limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, a court is not required to accept as true "allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Id.* Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## DISCUSSION

**Plaintiffs Fail to State a Claim Pursuant to A.R.S. § 33-420.**

Plaintiffs assert a claim that Defendant violated A.R.S. § 33-420 by causing a groundless trustee's deed to be recorded after Defendant conducted a trustee's sale of the property in question. A.R.S. § 33-420(A) states:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

A.R.S. § 33-420(A). This statute affords relief only to the "owner or beneficial title holder of the real property" at the time of the improper recording. *Id.* Defendant argues that no relief is available to Plaintiffs because, pursuant to A.R.S. §§ 33-810 and 811, Plaintiffs were not the "owners or beneficial title holders" of the property when the trustee's deed was

recorded. Plaintiffs did not plead sufficient facts alleging they were the owners of the real property at the time of the recording.

In relevant part, A.R.S. § 33-810(A) states:

> The [trustee's] sale shall be completed on payment by the purchaser of the price bid in a form satisfactory to the trustee. The subsequent execution, delivery and recordation of the trustee's deed as prescribed by section 33-811 are ministerial acts. If the trustee's deed is recorded in the county in which the trust property is located within fifteen business days after the date of the sale, the trustee's sale is deemed perfected at the appointed date and time of the trustee's sale.

A.R.S. § 33-810(A). U.S. Bank was the highest bidder at the trustee's sale conducted on October 7, 2008. U.S. Bank paid the bid price on the sale date. A plain reading of section 33-810(A) is that the trustee's sale of the property became complete when U.S. Bank paid the trustee. *Id.* The statute does not require recordation of the trustee's deed in order for the sale to be completed, as this is merely a "ministerial [act]." *See id.*; *see also In re Steiner*, 251 B.R. 137, 141 (Bankr. D. Ariz. 2000) ("Since the sale is already deemed complete upon payment of the bid price . . . the 'ministerial act' provision must have been included to override the more general law that such transactions would be void as to creditors and subsequent purchasers for valuable consideration without notice until the deed is recorded."). Once the trustee's sale price is paid, the highest bidder/grantee becomes the owner of the property. Thus, when U.S. Bank paid the sale price at the trustee's sale, it became the new owner of the property. *See* A.R.S. § 33-811(E) ("The trustee's deed shall operate to convey to the purchaser the title, interest and claim of the trustee, the trustor, the beneficiary, their respective successors in interest and all persons claiming the trust property.").

Plaintiffs cannot raise a claim under section 33-420 unless they can allege facts indicating that they remained the owners of the property even after the trustee's sale took place. To do so, Plaintiffs must in some way argue that the trustee's sale was invalid. Arizona law provides that the trustee's deed "shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting

of notice of sale and the conduct of the sale." A.R.S. § 33-811(B). Therefore, a presumption arises that the trustee's sale is valid. Plaintiffs argue that Defendant lacked authority to exercise its power of sale and was therefore not compliant with the statutory requirements in section 33-801 *et.seq.*, as Plaintiffs allegedly were current on their loan payments. While a trustee's sale may not occur absent a breach or default, *see* A.R.S. § 33-807(A), Plaintiffs' argument is nonetheless unavailing. Section 33-811(C) states:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C). As it appears that Plaintiffs did not timely seek Rule 65 relief, Plaintiffs have waived any defenses and objections to the sale, such as any argument that the sale was improperly held or that the sale included procedural error. Plaintiffs have not pled any factual allegations why the waiver clause does not operate with regard to the trustee's sale conducted by Defendant, nor have they alleged that Defendant did not notice the sale as required by statute.

The Court recognizes "that the absence of a notice requirement in § 33-811(C) raises possible due process concerns," and there may be certain circumstances where section 33-811(C) might not operate. *See Maher v. Bank One, N.A.*, No. 2 CA-CV 2008-0193, 2009 WL 2580100, at *5 (Ariz. Ct. App. Aug. 20, 2009) (citing *Curtis v. Richardson*, 212 Ariz. 308, 312, 131 P.3d 480, 484 (Ct. App. 2006). However, Plaintiffs have made no assertion that Defendant did not comply with the notice requirements in a way that might void the sale. Plaintiffs merely state that the trustee's sale was conducted unbeknownst to them.[6] Without any allegations set forth by Plaintiffs as to why the waiver clause does not apply, the Court considers Plaintiffs objections waived as to the validity of the trustee's sale. Accordingly,

---

[6] The specific notice requirements a trustee must comply with are set forth in A.R.S. § 33-801 *et. seq.*

- 6 -

the Court interprets the plain meaning of section 33-811(B) and presumes that the trustee's sale was conducted in compliance with the deed of trust and the statutory requirements found in A.R.S. § 33-801 *et. seq.*[7]

As Plaintiffs have not properly challenged the trustee's sale, the ownership interest in the property transferred away from Plaintiffs upon payment of the bid price at the trustee's sale. Accordingly, Plaintiffs were not the owners or beneficial title holders of the property at the time of the recording for purposes of A.R.S. § 33-420.

## CONCLUSION

Because Plaintiffs may be able to plead facts sufficient to give rise to liability against Defendant, the Court grants Defendant's Motion without prejudice.

**IT IS THEREFORE ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Count III (Doc. 11) is **GRANTED** without prejudice.

DATED this 2nd day of August, 2010.

G. Murray Snow
United States District Judge

---

[7] A.R.S. § 33-420(D) states, "[a] document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid." Since the Court presumes, at this time, that the waiver clause applies and Defendant had statutory authority to conduct the trustee's sale, it follows that the trustee's deed would not be presumed groundless and invalid.